## McGINNIS v. STATE.

(In Banc. Feb. 10, 1947.)

[29 So. (2d) 109. No. 36292.]

240

**A. Q. Broadus,** of Purvis, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**McGehee, J.,** delivered the opinion of the Court.

The appellant was indicted, tried and convicted for a felonious assault and battery, with intent to kill and

murder one Joe Williams. The proof was ample to show that Williams was stabbed in the neck by the accused, and the jury was well warranted in concluding that the wound was inflicted by a knife, as alleged in the indictment, without regard to whether or not the prosecuting witnesses could testify positively that a knife was used. Its use could be determined from all the facts and circumstances.

It is also assigned as error that the trial court excluded the testimony of certain non-expert witnesses as to the alleged mental incapacity of the accused to commit the crime. These witnesses based their opinions on their acquaintance and past association with him, without relating the facts and circumstances in connection with any of his acts and conduct, upon which their opinions were predicated. The jury was not, therefore, entitled to consider these opinions without being able to determine whether or not they were well founded.

Due to the fact that defendant was less than eighteen years of age, he petitioned the court to transfer the case to the juvenile court, before the trial began on its merits. No order was taken on the petition, but it is insisted that the defendant was not guilty of more than a misdemeanor, and that, therefore, under Sec. 7203, Code 1942, he could not be prosecuted under the criminal laws of the State without a previous order of the juvenile court granting such authority. We are of the opinion, however, that Sec. 7204, instead of Sec. 7203, Code 1942, is applicable in the instant case. This section provides, among other things, that, ''Whenever it shall appear to any criminal court of this state that any person being prosecuted in such court for a felony is a child under eighteen years of age, such court shall have authority to order such prosecution dismissed and to order such child to be committed to the juvenile court for such action and disposition as said juvenile court may think proper in the premises.''

The statutes pertaining to the authority and jurisdiction of the juvenile courts in such matters are Secs. 7185 to 7213, inclusive, Code 1942; and we are asked by the State to pass upon the constitutionality of some of these statutes, that is to say, whether or not they encroach upon the constitutional jurisdiction of the circuit and justice of the peace courts. However, said Sec. 7204, the applicable section here, does not ipso facto deprive the circuit court of its jurisdiction in felony cases, it not being mandatory that such jurisdiction be surrendered thereunder, and it is not necessarily violative of any provision of the Constitution.

It is unnecessary that we now consider the constitutionality of any of these other statutes referred to, since Sec. 7213 provides, in substance, that if any part of the Juvenile Court Act, Chap. 300, L1940, be declared unconstitutional, the remainder ''shall remain unimpaired and in full force and effect.''

We are of the opinion that no error was committed by the trial court in not transferring the case to the juvenile court, nor in regard to any of the other assignments of error. The judgment of the trial court must therefore be affirmed.

Affirmed.